Glenn R. Kantor (SBN 122643)
E-mail:  gkantor@kantorlaw.net
CORINNE CHANDLER  (SBN 111423)
E-mail:  cchandler@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street, Suite 1B
Northridge, CA  91324
Tel:  818.886.2525      Fax:  818.350.6272

Attorneys for Plaintiff  Michael Nathans

Daniel W. Maguire (SBN 120002)
E-mail:  dmaguire@bwslaw.com
Karen T. Tsui (SBN 305869)
E-mail: ktsui@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600      Fax:  213.236.2700

Attorneys for Defendant
Unum Life Insurance Company of America

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MICHAEL NATHANS,

               Plaintiff,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

               Defendant.

Case No. 2:20-cv-04977-RSWL-MRW

**STIPULATED PROTECTIVE ORDER**

(MRW VERSION 4/19)

☐ Check if submitted without material
modifications to MRW form

1.    INTRODUCTION

    1.1    PURPOSES AND LIMITATIONS

        Discovery in this action is likely to involve production of confidential,

proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGE .ES

LA #4829-7650-7859 v1                - 1 -                CASE NO. 2:20-cv-04977-RSWL-MRW
STIPULATED PROTECTIVE ORDER

be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2   GOOD CAUSE STATEMENT

This action arises out of Plaintiff's claim for benefits under a policy of disability insurance issued by Defendant to Plaintiff. Plaintiff seeks discovery of company guidelines, policies, procedures and marketing materials relating to Plaintiff's claim for disability benefits. This material contains or may contain information protected as propriety trade information and/or subject to other privileges and protections. Should the information be disclosed publicly, and be thereby made available to competitors, potential harm to Defendant's business and its shareholders' interests could result, as well as harm to third parties.

The parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate privacy concerns. The parties believe that issuance of a protective order, upon stipulated terms and conditions, balances Plaintiff's right and need for reasonable discovery with Defendant's business and competitive interests.

### 2.   DEFINITIONS

2.1   Action:  *Michael Nathans v. Unum Life Insurance Company of America*, Case No. 2:20-cv-04977-RSWL-MRW.

2.2 <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.  [Note: any request for a two-tiered, attorney-eyes-only protective order that designates certain material as "Highly Confidential" will require a separate and detailed showing of need.]

2.4 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and

1   have appeared in this Action on behalf of that party or are affiliated with a law firm

2   which has appeared on behalf of that party, and includes support staff.

3        2.11   Party:  any party to this Action, including all of its officers, directors,

4   employees, consultants, retained experts, and Outside Counsel of Record (and their

5   support staffs).

6        2.12   Producing Party:  a Party or Non-Party that produces Disclosure or

7   Discovery Material in this Action.

8        2.13   Professional Vendors:  persons or entities that provide litigation

9   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

10  demonstrations, and organizing, storing, or retrieving data in any form or medium)

11  and their employees and subcontractors.

12       2.14   Protected Material:  any Disclosure or Discovery Material that is

13  designated as "CONFIDENTIAL."

14       2.15   Receiving Party:  a Party that receives Disclosure or Discovery

15  Material from a Producing Party.

16

17  3.   SCOPE

18       The protections conferred by this Stipulation and Order cover not only

19  Protected Material (as defined above), but also (1) any information copied or

20  extracted from Protected Material; (2) all copies, excerpts, summaries, or

21  compilations of Protected Material; and (3) any testimony, conversations, or

22  presentations by Parties or their Counsel that might reveal Protected Material.

23       Any use of Protected Material at trial will be governed by the orders of the

24  trial judge.  This Order does not govern the use of Protected Material at trial.

25

26  4.   DURATION

27       Even after final disposition of this litigation, the confidentiality obligations

28  imposed by this Order will remain in effect until a Designating Party agrees

1    otherwise in writing or a court order otherwise directs. Final disposition will be

2    deemed to be the later of (1) dismissal of all claims and defenses in this Action,

3    with or without prejudice; and (2) final judgment herein after the completion and

4    exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

5    including the time limits for filing any motions or applications for extension of time

6    pursuant to applicable law.

7

8    5.    DESIGNATING PROTECTED MATERIAL

9         5.1    Exercise of Restraint and Care in Designating Material for Protection.

10        Each Party or Non-Party that designates information or items for protection

11   under this Order must take care to limit any such designation to specific material

12   that qualifies under the appropriate standards. The Designating Party must

13   designate for protection only those parts of material, documents, items, or oral or

14   written communications that qualify so that other portions of the material,

15   documents, items, or communications for which protection is not warranted are not

16   swept unjustifiably within the ambit of this Order.

17        Mass, indiscriminate, or routinized designations are prohibited. Designations

18   that are shown to be clearly unjustified or that have been made for an improper

19   purpose (e.g., to unnecessarily encumber the case development process or to

20   impose unnecessary expenses and burdens on other parties) may expose the

21   Designating Party to sanctions.

22        If it comes to a Designating Party's attention that information or items that it

23   designated for protection do not qualify for protection, that Designating Party must

24   promptly notify all other Parties that it is withdrawing the inapplicable designation.

25        5.2    Manner and Timing of Designations.  Except as otherwise provided in

26   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

27   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGE .ES

LA #4829-7650-7859 v1          - 5 -          CASE NO. 2:20-cv-04977-RSWL-MRW
STIPULATED PROTECTIVE ORDER

1   under this Order must be clearly so designated before the material is disclosed or

2   produced.

3          Designation in conformity with this Order requires:

4          (a)      for information in documentary form (e.g., paper or electronic

5   documents, but excluding transcripts of depositions or other pretrial or trial

6   proceedings), that the Producing Party affix at a minimum, the legend

7   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

8   contains protected material. If only a portion or portions of the material on a page

9   qualifies for protection, the Producing Party also must clearly identify the protected

10  portion(s) (e.g., by making appropriate markings in the margins).

11             A Party or Non-Party that makes original documents available for

12  inspection need not designate them for protection until after the inspecting Party

13  has indicated which documents it would like copied and produced. During the

14  inspection and before the designation, all of the material made available for

15  inspection will be deemed "CONFIDENTIAL." After the inspecting Party has

16  identified the documents it wants copied and produced, the Producing Party must

17  determine which documents, or portions thereof, qualify for protection under this

18  Order. Then, before producing the specified documents, the Producing Party must

19  affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

20  If only a portion or portions of the material on a page qualifies for protection, the

21  Producing Party also must clearly identify the protected portion(s) (e.g., by making

22  appropriate markings in the margins).

23         (b)      for testimony given in depositions that the Designating Party identify

24  the Disclosure or Discovery Material on the record, before the close of the

25  deposition all protected testimony.

26         (c)      for information produced in some form other than documentary and

27  for any other tangible items, that the Producing Party affix in a prominent place on

28  the exterior of the container or containers in which the information is stored the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGE .ES

LA #4829-7650-7859 v1                    - 6 -                    CASE NO. 2:20-cv-04977-RSWL-MRW
                                                                 STIPULATED PROTECTIVE ORDER

legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

      5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

      6.2   <u>Meet and Confer</u>.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

      6.3   The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGE .ES

LA #4829-7650-7859 v1      - 7 -      CASE NO. 2:20-cv-04977-RSWL-MRW
STIPULATED PROTECTIVE ORDER

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the Court and its personnel;

    (e)    court reporters and their staff;

    (f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGE .ES

LA #4829-7650-7859 v1                    - 10 -                    CASE NO. 2:20-cv-04977-RSWL-MRW
STIPULATED PROTECTIVE ORDER

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

     12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

     12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

     12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

     After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGE .ES

LA #4829-7650-7859 v1         - 12 -         CASE NO. 2:20-cv-04977-RSWL-MRW
STIPULATED PROTECTIVE ORDER

not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  December 7, 2020          KANTOR & KANTOR, LLP

                                 By:  s/ Corinne Chandler
                                      GLENN R. KANTOR
                                      CORINNE CHANDLER
                                      Attorneys for Plaintiff Michael Nathans

DATED:  December 7, 2020          BURKE, WILLIAMS & SORENSEN, LLP

                                 By:  s/ Daniel W. Maguire
                                      DANIEL W. MAGUIRE
                                      KAREN T. TSUI
                                      Attorneys for Defendant
                                      Unum Life Insurance Company of America

1

## **SIGNATURE ATTESTATION**

2

3          Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of

4   this document is acceptable to Corinne Chandler, counsel for Plaintiff Michael

5   Nathans, and that I have obtained Ms. Chandler's authorization to affix her

6   electronic signature to this document.

7

8   DATED:  December 7, 2020          By: *s/ Daniel W. Maguire*
                                           DANIEL W. MAGUIRE
9                                          KAREN T. TSUI
                                           Attorneys for Defendant
10                                         Unum Life Insurance Company of America

11

12

13   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

14

15

16   DATED:  12/7/2020          _____

17                              HON. MICHAEL R. WILNER
                                United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGE.ES

LA #4829-7650-7859 v1                  - 14 -             CASE NO. 2:20-cv-04977-RSWL-MRW
                                                         STIPULATED PROTECTIVE ORDER

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[full name]**, of _____
[full address], declare under penalty of perjury that I have read in its entirety and
understand the Stipulated Protective Order that was issued by the United States
District Court for the Central District of California on _____ **[date]**
in the case of

_____

**[insert case name and number]**. I agree to comply with and to be bound by all the
terms of this Stipulated Protective Order and I understand and acknowledge that
failure to so comply could expose me to sanctions and punishment in the nature of
contempt. I solemnly promise that I will not disclose in any manner any
information or item that is subject to this Stipulated Protective Order to any person
or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court
for the Central District of California for the purpose of enforcing the terms of this
Stipulated Protective Order, even if such enforcement proceedings occur after
termination of this action. I hereby appoint _____ **[full
name]** of _____ **[full address
and telephone number]** as my California agent for service of process in
connection with this action or any proceedings related to enforcement of this
Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGE .ES

LA #4829-7650-7859 v1                   - 15 -                   CASE NO. 2:20-cv-04977-RSWL-MRW
STIPULATED PROTECTIVE ORDER